**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STAN SZCZYGIEL,

Plaintiff/Appellant,

v.

NIC MADELEN, in his official
capacity as employee of Charles
Simmons, Secretary of Corrections;
CHARLES SIMMONS, in his
official capacity as Kansas Secretary
of Corrections; BRIDGETTE
BROUILLETTE; DCCCA INC.,

Defendants/Appellees.

No. 04-3138

District of Kansas

(D.C. No. 00-3489-GTV)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stan Szczygiel, a pro se prisoner, appeals the district court's grant of summary judgment in favor of Defendants. The essence of Mr. Szczygiel's claims is that the Kansas Department of Corrections ("KDOC") and the Kansas Parole Board ("Board") deprived him of his constitutional rights and imposed an ex post facto punishment upon him by requiring him to complete a sexual abuse treatment program ("SATP") as a condition of his parole. Because we agree with the district court that Mr. Szczygiel has not presented a "genuine issue as to any material fact" regarding the alleged constitutional violations, Fed. R. Civ. P. 56(c), we AFFIRM.

## I. Background

Mr. Szczygiel's relationship with the KDOC began more than two decades ago. On March 28, 1980, he was charged with rape, burglary, and aggravated kidnapping. Nearly a year later, he reached a plea bargain whereby he pled guilty to kidnapping in exchange for prosecutors dropping the rape and burglary charges. On May 22, 1981, Mr. Szczygiel was sentenced to "not less than 5 years to life" on the kidnapping charge. State Appellees' Br. at 3.

Mr. Szczygiel was first paroled on December 7, 1999. His parole conditions required him to participate in the SATP and refrain from ingesting liquor or other intoxicating substances without written permission from his parole officer. During a polygraph examination on August 22, 2000, Mr. Szczygiel

admitted that he consumed alcohol on several occasions without permission. On August 30, 2000, he was advised of his rights to a preliminary hearing and signed a checklist advising him of his rights. Mr. Szczygiel's parole was revoked on October 3, 2000, for consuming alcohol in violation of his parole conditions.

Following two months of incarceration, Mr. Szczygiel was again paroled on December 4, 2000. But on February 28, 2001, he was charged in a parole violation report with having used cannabis. When he admitted in a June 6, 2001, parole revocation hearing that he used cannabis, his parole was again revoked.

Mr. Szczygiel was last paroled on October 30, 2001. He was required to keep his parole officer advised of his residence and secure permission to travel outside his parole district. He also agreed to participate in SATP as a condition of release. Twelve months later, the KDOC issued an arrest warrant for Mr. Szczygiel. He was arrested on November 22, 2002, in Ocala, Florida. Mr. Szczygiel's parole was revoked on January 6, 2003, after he admitted in his revocation hearing that he had absconded from parole supervision.

## II. Analysis

As a preliminary matter, we note that "[p]arole, like probation, is a matter of grace in [Kansas]. It is granted as a privilege and not as a matter of fundamental right." *Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988). Accordingly, Kan. Stat. Ann. § 22-3717 "does not create a liberty interest in

parole." *Id.* Additionally, the United States Supreme Court has determined that a requirement of participation in the Kansas SATP, which requires prisoners to disclose and accept responsibility for past sexual misconduct, does not "constitute compulsion for the purposes of the Fifth Amendment privilege against self-incrimination." *McKune v. Lile*, 536 U.S. 24, 49 (2002) (O'Connor, J., concurring).

Mr. Szczygiel first asserts he should not have to complete the SATP as a condition of parole because he is not a sex offender. He claims the district court incorrectly relied on his *Martinez* report[1] and *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237 (10th Cir. 2000), when granting summary judgment for Defendants on this claim.

The district court rejected Mr. Szczygiel's contention that he should not be required to complete the SATP because he pled guilty only to kidnapping. It noted that "[t]he background of the criminal conduct is sufficient to establish sexual misconduct, and 'in rehabilitative matters, prison officials may consider any history established in the inmate's record which it may determine requires treatment.'" Op. at 6, *quoting Chambers*, 205 F.3d at 1242 (footnote omitted).

---

[1]A *Martinez* report is a "court authorized report and investigation by prison officials to determine whether a pro se prisoner's allegations have any factual or legal basis." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992), *citing Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir. 1978).

This "background" consists of a statement Mr. Szczygiel made upon his admission into the KDOC's Reception and Diagnostic Center in 1981 that was included in his *Martinez* report. *See* Appellee DCCCA, Inc.'s Br. at 4. At that time, Mr. Szczygiel described what happened after he broke into his girlfriend's house in 1980 following her decision to break up with him:

> I took some LSD and drank heavily and was pretty drunk when she came home. When she walked in I hit her and dropped her to the floor. I have a brown belt in karate. I did a physical exam on her head. There was no damage. She was frightened because it was the first time I had ever been hostile toward her. I asked her why the change in plans. I decided I was going to kill her and myself. I was confused and upset. I said we were going to my dad's. We went to my dad's house. I told her I would kill her and myself. . . . She started to calm me down. She said we'd get back together and get married. I believed her after an hour or so and we made love.

*Id.* at 4–5.

"On summary judgment, a *Martinez* report is treated like an affidavit, and the court is not authorized to accept its fact findings if the prisoner has presented conflicting evidence." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). Here, Mr. Szczygiel has not presented any relevant evidence that conflicts with his own admission of sexual misconduct. Moreover, *Chambers* expressly permits KDOC officials to consider Mr. Szczygiel's record when determining appropriate rehabilitative requirements in conjunction with his parole. 205 F.3d at 1242. Thus, Mr. Szczygiel's first claim is ineffectual.

We also find no merit in Mr. Szczygiel's second claim, that the district court erred by applying *Gilmore*. Mr. Szczygiel focuses on the court's statement in *Gilmore* that "the Board's action in *revoking* parole involves a liberty interest," 756 P.2d at 415, *citing Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972), and claims this liberty interest should have prevented the KDOC from making completion of SATP a condition of his parole.

Mr. Szczygiel fails to realize that *Morrissey*, the case cited in *Gilmore*, was concerned with what, if any, process was due to a parolee before his parole may be revoked. *See* 408 U.S. at 482 ("[A parolee's] liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. *Its termination calls for some orderly process,* however informal." (emphasis added)). Therefore, neither *Morrissey* nor *Gilmore* undermines Kansas's ability to impose parole conditions such as the SATP. *Cf. Morrissey*, 408 U.S. at 480 (noting parole revocation "deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty *properly dependent on observance of special parole restrictions*" (emphasis added)). In addition, as discussed above, Mr. Szczygiel's parole has been revoked three times, but never for his failure to complete or attend SATP. He lost his parole because he ingested alcohol and marijuana and because he left Kansas for Florida without permission.

Because the SATP condition was never a basis for his loss of freedom, Mr. Szczygiel's reliance on this statement from *Gilmore* is misplaced.

Mr. Szczygiel's third claim is that the district court "committed reversible error when it held appellant[']s participation in the Sex Offender Treatment Program was voluntary." Appellant's Br. at 26. This allegedly clear error stems from the district court's application of *Sandin v. Connor*, 515 U.S. 472 (1995), to his Fifth Amendment compulsion claims. *Id.* at 28. He asserts the district court should have applied *Lile*, where the Supreme Court stated "the central question becomes whether the State's program, and the consequences for nonparticipation in it, combine to create a compulsion that encumbers the constitutional right." 536 U.S. at 35.

As an initial matter, the district court's order cites *Sandin* only in the context of discussing *Lile's* holding. *See* Op. at 4–5. Since the district court did not apply *Sandin* but in fact relied on Justice O'Connor's concurrence in *Lile* to reach its holding, *see* Op. at 5–6, Mr. Szczgiel's allegation of error cannot be sustained on this ground.

More importantly, Mr. Szczgiel fundamentally misunderstands *Gilmore*. The Kansas Supreme Court clearly stated that Kansas's parole statute "does not create a liberty interest in parole" because parole "is granted as a privilege and not as a matter of fundamental right." *Gilmore*, 756 P.2d at 415. Thus, even if

we applied the standard from *Lile* that Mr. Szczygiel suggests, the "consequences for nonparticipation in [the SATP]"—loss of his parole—cannot "create a compulsion that encumbers [his] constitutional right" to parole because *Gilmore* makes clear no such constitutional right exists. We therefore decline to disturb the district court's ruling on this issue.

Finally, Mr. Szczygiel alleges the district court committed reversible error when it held the SATP did not violate the Constitution's ban on ex post facto laws. *See* U.S. Const. art. 1, § 10, ¶ 1. The Ex Post Facto Clause is "aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001), *quoting Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). "The Supreme Court has rejected the argument 'that the Ex Post Facto Clause forbids any legislative change that has any conceivable risk of affecting a prisoner's punishment.'" *Id.*, *quoting Morales*, 514 U.S. at 508. Thus, while "[r]ectroactive changes in laws governing parole of prisoners, in some instances, may be violative of the prohibition against ex post facto laws, . . . the controlling inquiry is not whether the law is retroactive, but 'whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Id.* at 1216, *quoting Morales*, 514 U.S. at 509 (some internal quotation marks and citation omitted). When a law "does not by its own terms show a significant risk"

of increased punishment, a prisoner "must demonstrate, by evidence drawn from the rule's practical implementation . . . , that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.*, *quoting Garner v. Jones*, 529 U.S. 244, 255 (2000).

A plurality of the Supreme Court has already determined that Kansas's SATP is used to rehabilitate prisoners, not punish them. *Lile*, 536 U.S. at 47–48. This suggests that the SATP does not facially increase punishment for any past crime. Moreover, Mr. Szczygiel has not presented evidence that applying the SATP to him will result in a longer period of incarceration. He has been sentenced to "up to life in prison." Even if he is paroled, he will remain under State supervision for the rest of his life; if he breaks a condition of parole, he will be returned to prison. Because he is serving up to a life sentence, Mr. Szczygiel cannot show he will be incarcerated for a longer period of time because of the SATP than without it. Therefore, this claim has no merit.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**. Appellant's motion to correct the record is granted. Appellant's motion for leave to proceed on appeal without prepayment of costs and fees is granted. Appellant is reminded that he remains obligated to make partial fee

-9-

payments until the balance of the filing fee is paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge